

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YELENA SHCHEKINA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 6094 |
| ) | |
| WASHINGTON MUTUAL BANK, J.P. ) | The Honorable William J. Hibbler |
| MORGAN CHASE BANK, FIRST MAGNUS ) | |
| FINANCIAL CORPORATION, and DMITRY ) | |
| RYAGUZOV, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Yelena Shchekina brings this suit in attempt to regain possession and clear title to a single family home she once occupied with her family. She accuses Defendant Dmitry Ryaguzov of taking possession of the house and living in it without her consent for more than a year before she filed this suit. She also claims that the remaining defendants falsely claim to have an interest in the property by reason of a mortgage. Shchekina claims that the documents purportedly underlying that mortgage are fraudulent in that they contain forgeries of her signature and initials. Shchekina brings her suit under state law, seeking declaratory relief and to quiet title. This court has jurisdiction based on the diversity of the parties' citizenship. *See* 28 U.S.C. §§ 1332 & 1441. Shchekina now moves for summary judgment on her claims against Ryaguzov, as well as for injunctive relief and for the posting of bond. For the following reasons, the Court DENIES her motion.

1

## I. Summary Judgment

### A. Standard of review

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating there is no genuine issue of material fact, and judgment as a matter of law should be granted in their favor. *Id.* Once the moving party has met the initial burden, the non-moving party must offer more than a mere scintilla of evidence to survive summary judgment. *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The non-moving party must produce specific facts showing there is a genuine issue of material fact, and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Finally, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *Id.* at 255.

### B. Analysis

The Court can dispose of Shchekina's motion for summary judgment with relative ease because Shchekina herself seems to create disputes with regard to a number of facts upon which she relies.

Shchekina denies that she ever agreed to sell her property to Ryaguzov. She supports her claim by noting that, despite Ryaguzov's claims that he purchased the property in question from Shchekina, he has not produced any written agreement executed by both parties to support such a sale. Thus, Shchekina contends, even if there were some oral agreement for the sale of the property (which she vehemently denies), the sale would be barred by the Illinois Statute of

2

Frauds, which requires that contracts for the sale of real estate be recorded in writing. *See* 740 ILCS § 80/1.

Confusingly, Shchekina then admits in an affidavit attached to her reply that she signed "closing papers," including a deed to the property, and provided them to a "closing attorney." In her briefs, Shchekina fails to provide any explanation for this discrepancy. The Court could deny her motion on this basis alone. However, in statements she makes elsewhere, most notably in the affidavit attached to her reply, Shchekina does seem to imply that her execution of these documents is invalid for a couple reasons. Thus, in order to be thorough and clear, the Court addresses these arguments, despite the fact that they are vague, improperly submitted, and do not rely on any legal citations.

Shchekina seems to attach significance to two facts. First, she claims that she signed the deed and "closing papers" under duress from her estranged husband, Alex Shchekin, who allegedly threatened her with physical harm, among other things. However, Ryaguzov disputes that fact and submits Alex Shchekin's affidavit in support. Thus, there is a factual dispute as to whether her signature was valid that cannot be resolved at this stage of the proceedings.

Second, she repeatedly notes that shortly after she delivered the executed documents to the "closing attorney," she asked for them back and recovered all of the signed copies, thus avoiding publication or delivery to Ryaguzov. Here, however, Shchekina once again contradicts herself, stating elsewhere that she does not know whether the attorney showed the documents to her husband or Ryaguzov. She also questions whether the closing attorney may have been representing Dmitry Ryaguzov in addition to herself and her husband. Thus, even if the Court assumes that publication or delivery of the executed documents was necessary to consummate a

3

sale, a theory that Shchekina does not explicitly make or support with legal citations, the Court cannot determine whether publication or delivery took place here given these confusing facts.

All of Shchekina's arguments are further disrupted by another contradiction in her affidavit regarding ownership of the property. Shchekina frequently claims she was the sole owner of the property in question at all relevant times. She provides no proof of this claim outside of her affidavit and through reference to a deed that she does not attach to her motion. In response, Ryaguzov attaches the affidavit of Alex Shchekin, who claims that the property was marital property held by both Shchekina and Shchekin. Then, in the affidavit she attaches to her reply, Shchekina notes that "[a] divorce action is pending and unresolved" between herself and Shchekin and that "[t]here has been no determination whether [the property in question] is marital and assigned to either Alex or Yelena." Thus, in addition to the fact that Ryaguzov disputes the extent of Shchekina's ownership of the property in question, Shchekina herself creates such a dispute. Because so much else in this case is disputed and confused, it is not clear what effect this particular uncertainty has on the question of whether Ryaguzov purchased the property in question. But, any question as to Shchekina's rights to the property undoubtedly complicates matters. On this record, the Court can by no means grant summary judgment to Shchekina.

## II. Injunctive Relief and Bond

Shchekina also seeks injunctive relief barring Ryaguzov from the property in question and enjoining him from altering the property in any way before leaving. However, as the Court noted above, Shchekina's motion presents a peculiar and confounding set of facts. Thus, the Court cannot find that she has a clear and ascertainable right to the property or a substantial likelihood of success on the merits. Shchekina concedes that absent such a finding, an injunction

4

is not appropriate at this stage. *See Decaro v. M. Felix, Inc.*, 371 Ill. App. 1103, 1107, 864 N.E.2d 890, 895 (Ill. App. Ct. 2007).

Finally, Shchekina requests that the Court order Ryaguzov to post bond that can be used to pay her rent for the time he has lived in the house should he leave the country prior to resolution of this suit. The only legal basis she cites for such a bond is a theory of unjust enrichment – a claim she does not include in her complaint. In addition, for all of the reasons state above, the Court will not grant such relief on the basis of such an unclear record.

## *CONCLUSION*

For the above reasons, the Court DENIES Plaintiff's motion for summary judgment, immediate possession, injunction, and bond.

IT IS SO ORDERED.

8/26/10
Dated

AUG 26 2010

Hon. William J. Hibbler
United States District Court